UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PATRICIA DIXON**        ) | **CIVIL ACTION** |
|     Plaintiff             ) | |
|                               ) | **COMPLAINT** |
| v.                                    ) | |
|                               ) | |
| **ALLIANCEONE RECEIVABLES**  ) | |
| **MANAGEMENT, INC.**          ) | |
|     Defendant          ) | **FEBRUARY 21, 2008** |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and also includes pendant state law claims for intentional infliction of emotional distress.

### II. PARTIES

2. The plaintiff, Patricia Dixon, is a natural person residing in Waterbury, Connecticut.

3. Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5.  This Court has jurisdiction over AllianceOne because it engages in debt collection within Connecticut.

6.  Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

### IV.  FACTUAL ALLEGATIONS

7.  On or about December 10, 2007, AllianceOne contacted Plaintiff in an attempt to collect a debt and left several messages for Plaintiff on her cell phone.

8.  Plaintiff returned the call and spoke with an AllianceOne representative who identified himself as Frank Dirr ("Dirr").

9.  Dirr stated that a payment of $9,000 must be made by December 27, 2007.

10. Dirr then stated that the Plaintiff would be committing a felony if she failed to pay said amount by said date.

11. Dirr then stated that he needed Plaintiff's bank account information or AllianceOne would sue.

12. Plaintiff gave her bank account information to Dirr explaining that she did not have enough money in her account to make such a large payment.  She also gave authorization to withdraw on funds December 27, 2007 under duress.

13. The next day, Plaintiff learned that Dirr had left 2 messages at Plaintiff's place of employment the previous day.  Plaintiff called AllianceOne because of these messages.

14. During this conversation, Plaintiff reiterated that she would not have enough money to pay the debt if AllianceOne withdrew the funds she had authorized the previous day. AllianceOne stated that Plaintiff would be sent to jail if she failed to pay this debt.

15. Plaintiff was treated for depression and anxiety through medication and psychotherapy. AllianceOne's statements exacerbated Plaintiff's symptoms.

16. After consulting a law firm, Plaintiff revoked authorization to withdraw funds on December 24, 2007. AllianceOne did not attempt to withdraw the funds as Plaintiff's authorization was revoked prior to the date AllianceOne had scheduled to withdraw said funds.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

17. Paragraphs 1-16 are herein incorporated.

18. AllianceOne violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(4), by falsely representing that the plaintiff would be sent to jail for failing to pay this debt as such action is not lawful and such action was not it intended to be taken.

19. AllianceOne violated FDCPA § 1692e(7) by falsely representing that the plaintiff would be committing a felony by failing to pay this debt by a stated date.

20. AllianceOne violated FDCPA § 1692e(5) by falsely representing that it would sue the plaintiff when such action would not be lawful as a Consumer Collection Agency may not bring a lawsuit in the state of Connecticut and such action was never intended to be taken.

21. For AllianceOne's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages (including emotional distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

22. Paragraphs 1-16 are herein incorporated.

3

23. AllianceOne knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiff.

24. AllianceOne'S conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

25. AllianceOne's actions were willful, wanton and malicious, in that it intended to cause Plaintiff distress to induce her to pay the debt, in hopes that she would pay in order to relieve the stress.

WHEREFORE, the Plaintiffs seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

PLAINTIFF, PATRICIA DIXON

By: _____
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457

4